In the Interest of JOHN DOE, Born on April 29, 1971, Juvenile-Appellant

NO. 13662

(FC-J NO. 79-34037)

FEBRUARY 28, 1990

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C.J.

On October 21, 1988 the police filed a petition in the family court alleging that John Doe, born on April 29, 1971 (Doe), had committed the offense of harassment, a petty misdemeanor, in violation of Hawaii Revised Statutes (HRS) § 711-1106(1)(b) (1985). The petition asked the family court to exercise jurisdiction over Doe, a juvenile. Doe appeals the family court's December 29, 1988 order granting the October 21, 1988 petition and exercising juris-

diction over him under HRS §§ 571-11(1) (1985) and -48 (Supp. 1988).[1]

At the December 29, 1988 evidentiary hearing, the prosecution called only two witnesses, Doe's former girlfriend (FGF) and FGF's mother (Mother). According to their testimony, the relevant facts are as follows: Doe and FGF had terminated their relationship about six months prior to the alleged harassment on August 27, 1988. FGF had told Doe not to bother her. Mother had talked to Doe three times, telling him that he and FGF "shouldn't be bothering each other and everything."

On Saturday, August 27, 1988, at approximately 3:00 a.m., while FGF and Mother were entering Mother's car to commence delivering newspapers, Doe drove by. Shortly thereafter, as Mother's car approached a stop sign, Mother and FGF noticed Doe in his parked car. While Mother waited at the stop sign, Doe started his car, drove in front of Mother's car, and smiled. In response, Mother turned her car around, drove home and called the police. The police told her to call them when she finished delivery of the newspapers. Mother and FGF then resumed their newspaper delivery route.

Later, at approximately 3:30 a.m., as Mother drove her car on Nalihi Street, a two-lane road, Doe drove by on the same street in the opposite direction. Although Doe was within his lane, the narrowness of Nalihi Street and the fact that Doe's car was "going real fast," caused both FGF and Mother to become nervous and scared that Doe's car would collide with Mother's car. In response, Mother turned her car to the side of the street and stopped. As Doe's car passed Mother's car, Doe again smiled.

At trial, Doe rested without calling any witnesses. The family court concluded that Doe had committed the offense of harass-

---

[1] HRS § 571-11(1) confers original jurisdiction on the family court "[c]oncerning any person who is alleged to have committed an act prior to achieving eighteen years of age which would constitute a violation or attempted violation of any federal, state, or local law or municipal ordinance."

HRS § 571-48 authorizes the family court, upon finding beyond a reasonable doubt that the allegations are true, to place the child on probation or in the legal custody of an authorized agency or institution and to order the parents to make restitution.

ment as proscribed by HRS § 711-1106(1)(b). On January 12, 1989 the family court denied Doe's motion for reconsideration and/or a new trial under Rule 59 of the Hawaii Family Court Rules.

HRS § 711-1106(1)(b) provides: "A person commits the offense of harassment if, with the intent to harass, annoy, or alarm another person, he . . . [i]nsults, taunts, or challenges another person in a manner likely to provoke a violent response[.]"

In this appeal, Doe contends that, as a matter of law, the evidence was insufficient to support the necessary findings, beyond a reasonable doubt, that his actions constituted an insult, taunt, or challenge or were performed in a manner likely to provoke a violent response. In his opening brief, Doe states:

> There were no insults or taunts because [Doe] did not speak or make any gestures towards [FGF and Mother] the entire evening [sic]. Moreover, an approaching car coming towards a car driving in the opposite direction is certainly not likely to be considered a challenge to a female passenger of a vehicle at approximately three o'clock in the morning. Even assuming, *arguendo*, [Doe's] action was considered by [FGF] as a challenge, it was inconceivable that a violent response would be provoked. [Citation omitted.]

Words and hand gestures are not essential elements of the crime of harassment as proscribed by HRS § 711-1106(1)(b).

The fact that FGF and Mother were scared and nervous and did not respond with violence is irrelevant. With respect to the likelihood of provoking a violent response, the relevant test is objective, not subjective. Persons who respond as appropriately as FGF and Mother responded to Doe's actions and facial expressions are accorded at least as much protection by HRS § 711-1106(1)(b) as those who respond violently.

However, since the dictionary and statutory definitions of "harassment" are materially different, the fact that FGF and Mother were in fact harassed as defined in the dictionary does not necessarily lead to a conclusion that they were harassed as defined in HRS § 711-1106(1)(b). In this case, there is evidence that Doe intentionally irritated, disturbed, and scared FGF and Mother and that he did so in a manner likely to provoke a violent response, but there is no evidence of the statutorily required insult, taunt, or

challenge. None of Doe's alleged actions constituted an insult, taunt, or challenge.

Accordingly, we reverse the family court's December 29, 1988 order granting the October 21, 1988 petition and exercising jurisdiction over Doe.

*Richard W. Pollack,* Public Defender, and *James Tagupa,* Deputy Public Defender, City & County of Honolulu, on the brief for juvenile-appellant.

*Wallace W. Weatherwax,* Deputy Prosecuting Attorney, City & County of Honolulu, on the brief for State of Hawaii, plaintiff-appellee.