**Waymon M. BERRY, Plaintiff–Appellant,**

v.

**William J. BUNNELL, et al.,
Defendants–Appellees.**

No. 93–16797.

United States Court of Appeals,
Ninth Circuit.

Submitted * Nov. 1, 1994.

Decided Nov. 9, 1994.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34–4. Accordingly, Berry's request for oral argument is denied.

Waymon M. Berry, in pro per.

G. Lewis Chartrand, Jr.; James Ching, Deputies Atty. Gen., Sacramento, CA, for defendants-appellees.

Before: WRIGHT, BEEZER and FERNANDEZ, Circuit Judges.

## PER CURIAM:

Berry appeals pro se the district court's grant of the prison officials' motion for a directed verdict in his 42 U.S.C. § 1983 action. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

■ We review de novo a grant of a directed verdict. *Zamalloa v. Hart,* 31 F.3d 911, 913 (9th Cir.1994). A directed verdict is proper when the evidence permits only one reasonable conclusion. *Id.* The evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in favor of' that party. *Id.*

■ At trial Berry argued that the prison officials violated his Eighth and Thirteenth Amendment rights when they re- quired him to work one extra eight-hour shift as a clerk. Yet the Eighth Amendment does not apply unless prisoners are compelled to perform physical labor which is beyond their strength, endangers their lives or health, or causes undue pain. *Howard v. King,* 707 F.2d 215, 219 (5th Cir.1983); *Ray v. Mabry,* 556 F.2d 881, 882 (8th Cir.1977); *see also Woodall v. Partilla,* 581 F.Supp. 1066, 1077 (N.D.Ill.1984) (merely forcing prisoner to work 16 to 18 hours per day did not violate his Eighth Amendment rights). And the Thirteenth Amendment does not apply where prisoners are required to work in accordance with prison rules. *Draper v. Rhay,* 315 F.2d 193, 197 (9th Cir.), *cert. denied,* 375 U.S. 915, 84 S.Ct. 214, 11 L.Ed.2d 153 (1963).

■ Berry maintained that the defendants violated his due process rights when they issued rules violation reports and proceeded with disciplinary charges against him for re- fusing to work the extra shift. He did not offer any evidence, however, that they failed to give him written notice of the charges, to allow him to call witnesses and present evi- dence, or to provide him with a written ex- planation of the disciplinary action. *See Superintendent v. Hill,* 472 U.S. 445, 453–54, 105 S.Ct. 2768, 2772–73, 86 L.Ed.2d 356 (1985) (explaining due process protections re- quired before prison officials may deprive prisoners of protected liberty interests).

■ Finally, he contended that they acted with deliberate indifference to his serious medical need in violation of the Eighth Amendment. He testified that the prison guards escorted him to the medical clinic within two hours of the time that he noticed blood in his urine, and that the prison doctor gave him antibiotics to treat his bladder in- fection the next day. He did not offer evi- dence, however, that these minor delays caused any harm. *See Estelle v. Gamble,* 429 U.S. 97, 104–05, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) (delays may manifest deliberate indifference); *Wood v. Housewright,* 900 F.2d 1332, 1335 (9th Cir.1990) (only delays that cause substantial harm violate the Eighth Amendment).

■ On appeal Berry argues that he was denied meaningful access to the courts in

violation of the First Amendment and the Due Process Clause. He says that the district court did not consider his complaint that prison officials lost his disciplinary appeals. Yet he failed to object to the proposed pretrial order which did not list meaningful access to the courts as a trial issue. *Pierce County Hotel Employees & Restaurant Employees Health Trust v. Elks Lodge, B.P.O.E. No. 1450*, 827 F.2d 1324, 1329 (9th Cir.1987) (issues not preserved in pretrial order are eliminated from action). He also complains that the district court failed to instruct him as to his rights at trial. But the district court did so in the final pretrial order.

AFFIRMED.