68 F.3d 480
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Maynard KIDD; Shirley Kidd; William Nelson, Plaintiffs - Appellants,
v.
UNITED STATES of America, Defendant,
and
Daniel Robert Lang, dba Danny Lang's Sunset Sky Ranch,
Defendant - Appellee.
 No. 94-15364.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 16, 1995.*
Decided Oct. 23, 1995.
 
 1
 Before: PREGERSON and FERNANDEZ, Circuit Judges, and McLAUGHLIN**, District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Plaintiffs Maynard Kidd, Shirley Kidd, and William Nelson appeal the district court's granting of a directed verdict pursuant to Federal Rule of Civil Procedure 50(a) in favor of defendant Daniel Robert Lang dba Danny Lang's Sunset Sky Ranch ("Sunset"). The court has jurisdiction pursuant to 28 U.S.C. Sec. 1291. The sole issue on appeal is whether the district court erred in finding that plaintiffs had presented insufficient evidence to prove that Sunset's negligence caused the crash. We affirm.
 
 BACKGROUND
 
 4
 This action arose out of an aircraft crash at Sunset's landing field. On April 5, 1991, plaintiffs Maynard Kidd ("Kidd") and William Nelson ("Nelson") were flying an ultralight aircraft when they decided to practice a touch and go landing at Sunset. This airfield has two runways, a paved runway for all aircraft and a dirt runway for ultralight aircraft. Sunset does not have an air traffic control tower.
 
 
 5
 Apparently, Kidd decided to use the paved runway because the dirt runway was in disrepair. On their approach to land at Sunset, both Kidd and Nelson noticed a helicopter hovering somewhere beyond the end of the paved runway. After safely landing the ultralight, Kidd decided to take off without bringing the ultralight to a stop. After takeoff, the ultralight made a right turn. According to Kidd and Nelson, the helicopter then started flying towards them. Kidd turned the ultralight further to the right. Shortly thereafter, the ultralight crashed on the ground.
 
 
 6
 Plaintiffs contend that the crash was caused, in part, by Sunset's negligence in allowing military helicopters to use the landing field, in failing to warn pilots that large military helicopters had permission to use the landing field, in establishing a right turn pattern for both helicopters and ultralight aircraft, in failing to inform pilots of the respective flight patterns for various aircraft, and in failing to maintain the dirt runway for ultralight aircraft.
 
 
 7
 The district court found that, even assuming that Sunset had been negligent as plaintiffs alleged, such negligence was not a cause of the crash. The district court entered a judgment in favor of Sunset. After the completion of the trial, the district court also entered a judgment in favor of the United States. Plaintiffs have not appealed that judgment.
 
 STANDARD OF REVIEW
 
 8
 We review de novo the granting of a directed verdict. Berry v. Bunnell, 39 F.3d 1056, 1057, (9th Cir. 1994). A directed verdict is proper only when the evidence permits one reasonable conclusion. Id. "The evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in favor of that party." Id.
 
 ANALYSIS
 
 9
 "It is axiomatic that a defendant cannot be held liable in tort for an injury he or she did not cause." Brookhouser v. State, 10 Cal.App.4th 1665, 1677, 13 Cal.Rptr.2d 658, 665 (Ct. App. 1992). A plaintiff must prove that the defendant's conduct in fact caused the alleged injury. Id. Causation involves two inquiries: "[w]hether the injury would not have occurred but for the defendant's conduct, and whether the defendant's conduct was a substantial factor in bringing about the injury." Id. (emphasis in original). See also Mitchell v. Gonzales, 54 Cal.3d 1041, 1049, 1 Cal.Rptr.2d 913, 917, 819 P.2d 872, 876 (1991).
 
 
 10
 In this case, plaintiffs presented insufficient evidence to support a finding that plaintiffs' injuries were caused by any act or omission on the part of Sunset. First, the expert testimony provided by plaintiffs does not establish that Sunset was negligent in allowing military helicopters to use the uncontrolled landing field. Although plaintiffs' expert testified that, in his opinion, Sunset should have authorized use of the landing field by military helicopters only with proper restrictions, plaintiffs' expert did not explain what restrictions Sunset should have established for military helicopters and how the failure to establish these restrictions caused the crash.
 
 
 11
 Second, Sunset's failure to warn pilots of the presence of military helicopters did not cause the crash. Plaintiffs presented no evidence to suggest that the crash would have been avoided had Kidd and Nelson known that military helicopters had permission to land at Sunset. In fact, Kidd testified that he saw the helicopter at the end of the runway before deciding to land and that he was aware of the danger of wake turbulence from helicopters. Thus, Kidd's decision to land at Sunset would not have been affected by knowing that military helicopters had permission to use the landing field.
 
 
 12
 Third, the fact that Sunset established a right hand landing pattern for both helicopters and ultralight aircraft and that Sunset failed to inform all pilots of these flight patterns did not cause the crash. Neither pilot was engaged in any flight pattern established by Sunset when the crash occurred. Kidd testified that he turned to the right after takeoff because the helicopter was on his left. The helicopter pilot testified that he aborted his landing and turned to the left because he saw the ultralight on the paved runway.
 
 
 13
 Finally, the failure to maintain the condition of the ultralight runway did not cause the crash. Although it is possible that Kidd might have decided to use the dirt runway had it been properly maintained, such an argument is too speculative and dependant on many other factors. There is no evidence to suggest that the crash would have been avoided had Kidd used the dirt runway.
 
 
 14
 Affirm.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); Circuit Rule 34-4
 
 
 **
 The Honorable Linda McLaughlin, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3