76 F.3d 387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Adolph A. LURIE, Plaintiff-Appellant,
v.
CAESARS TAHOE INC.; Caesars Palace Corp., dba Caesars
Palace at Sea; Caesars World Inc., dba Caesars
Palace at Sea, Defendants-Appellees.
 No. 95-15466.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 23, 1996.*
Decided Jan. 25, 1996.
 
 Before: ALARCON, HALL, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Adolph A. Lurie appeals pro se the district court's grant of judgment as a matter of law pursuant to Fed.R.Civ.P. 50 for defendants Caesars Tahoe, Inc., Caesers Palace Corp. and Caesers World Inc. ("Caesers"), in Lurie's claim under the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1) ("ADEA"). Lurie also appeals the district court's denial of his Fed.R.Civ.P. 59(a) motion for a new trial. We review the denial of a Rule 59(a) motion for abuse of discretion, Ruvalcaba v. City of Los Angeles, 64 F.3d 1323, 1325 (9th Cir.1995), and the grant of judgment as a matter of law de novo, Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir.1994). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Lurie contends that the district court erred by granting Caesers motion for judgment as a matter of law. This contention lacks merit.
 
 
 4
 "[Judgment as a matter of law] is proper when the evidence permits only one reasonable conclusion. The evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in favor of that party." Id. To establish a prima facie case of discrimination under the ADEA, a plaintiff must show (1) membership in a protected class (age 40-70), (2) that he or she was qualified for the job, (3) an employment decision, and (4) that the position was given to a substantially younger applicant with equal or inferior qualifications. Wallis v. J.R. Simplot Co., 26 F.3d 885, 891 (9th Cir.1994).
 
 
 5
 After a thorough review of the testimony and evidence submitted by Lurie at trial, we agree with the district court that Lurie failed make a prima facie case of age discrimination and that judgment as a matter of law for Caesers was appropriate. Lurie admitted that three of the four positions in his department, including his position, were permanently eliminated. Thus, Lurie could not demonstrate that his position was filled by a younger applicant. See id. In addition, Lurie admitted that he was laid-off during a period of massive lay-offs at Caesars.
 
 
 6
 Lurie's contention that the district court abused its discretion by denying his Rule 59(a) motion is also without merit. In his motion for a new trial, Lurie set forth no basis for relief under Rule 59(a) and failed to indicate what additional evidence he would have presented had the district court granted his motion. See Bunch v. United States, 680 F.2d 1271, 1282 (9th Cir.1982). Accordingly, the district court did not abuse its discretion by denying Lurie's Rule 59(a) motion. See id.[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On the first day of trial, Lurie informed the district court that he was not satisfied with discovery, and the district court gave Lurie the option of postponing the trial, which Lurie declined. Under these circumstances, the district court did not abuse its discretion by denying Lurie additional discovery. See Smith v. Hughes Aircraft Co., 22 F.3d 1432, 1441 (9th Cir.1994)