94 F.3d 652
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anthony P. LOCRICCHIO, Plaintiff-Appellant,
v.
Jeffrey RICHARDS, Officer, City and County of Honolulu;
John Roes 1-10; Jane Roes 1-10; Roe Corporations
1-10; Roe Partnerships 1-10,
Defendants-Appellees.
 No. 94-16252.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 12, 1996.
Decided Aug. 22, 1996.
 
 1
 Before: CANBY and KLEINFELD, Circuit Judges, and COLLINS,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Anthony P. Locricchio filed this action under 42 U.S.C. § 1983, alleging that his First Amendment rights were violated by police officer Jeffrey Richards and the City and County of Honolulu when Richards arrested Locricchio during an argument about Richards's investigation of a theft. The jury returned a verdict in favor of Defendants, finding that Richards had probable cause to arrest Locricchio for harassment in violation of Haw.Rev.Stat. § 711-1106(1)(b) (1985).[1] Locricchio appeals the district court's denial of his motion for a judgment notwithstanding the verdict.[2]
 
 
 4
 We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the district court's denial of Locricchio's motion, on the ground that Richards is entitled to the defense of qualified immunity. We also affirm the district court's directed verdict in favor of the City and County on Locricchio's Monell claims.
 
 I.
 
 5
 We do not set forth all of the facts relevant to Locricchio's claims because the parties are familiar with them. The jury found that there was no probable cause to arrest Locricchio for disorderly conduct in violation of Haw.Rev.Stat. § 711-1101 (1985). The arrest nevertheless was valid if Richards had probable cause to arrest Locricchio for harassment in violation of Haw.Rev.Stat. § 711-1106(1)(b). See State v. Vance, 602 P.2d 933, 938 (Haw.1979). The jury's verdicts reflect its conclusion that the arrest was lawful because Richards had probable cause to arrest Locricchio for harassment.
 
 
 6
 In denying Locricchio's JNOV motion, the district court held that the evidence supported the jury's finding that Richards had probable cause to arrest Locricchio for harassment. The court, however, also denied the motion on the alternative ground that "Richards is protected from liability under the doctrine of qualified immunity and ... [Locricchio] failed to bring forth sufficient evidence to support his claim against the City." We review de novo the district court's grant of qualified immunity. See Act Up!/Portland v. Bagley, 988 F.2d 868, 871 (9th Cir.1993). We conclude that Richards is entitled to qualified immunity because a reasonable officer could have believed that arresting Locricchio did not violate Locricchio's First Amendment rights.
 
 
 7
 We "determine whether, in light of clearly established principles governing the conduct in question, [Richards] objectively could have believed that [arresting Locricchio] was lawful." Id. First, we must determine whether the law governing Richards's arrest of Locricchio was clearly established. Id. Second, we must determine whether, under that law, a reasonable officer could have believed that it was lawful to arrest Locricchio. Id.
 
 
 8
 At the time of Locricchio's arrest, it was clearly established that statutes criminalizing speech do not violate the First Amendment if they are narrowly drawn to penalize only speech "likely to provoke the average person to retaliation." See Chaplinsky v. New Hampshire, 315 U.S. 568, 574 (1942) (applying this standard in a case involving speech directed at a police officer). Supreme Court and Ninth Circuit precedent also had clearly established that the First Amendment protects verbal criticism, challenges, and profanity directed at police officers unless the speech constitutes "fighting words." See City of Houston v. Hill, 482 U.S. 451, 455, 465-67 (1987) (striking down as overbroad city ordinance that prohibited "oppos[ing], molest[ing], abus[ing] or interrupt[ing] any policeman in the execution of his duty"); Lewis v. City of New Orleans, 415 U.S. 130, 132-34 (1974) (striking down as overbroad a city ordinance making it unlawful "wantonly to curse or revile or to use obscene or opprobious language toward or with reference to any member of the city police while in the actual performance of his duty"); Duran v. City of Douglas, 904 F.2d 1372, 1377-78 (9th Cir.1990) (police officer's stop of a car from which defendant was making obscene gestures and yelling profanities was unlawful; defendant's actions were protected by First Amendment).
 
 
 9
 As of July 4, 1991, neither the state courts of Hawai'i nor any federal court had called into question the constitutionality of Haw.Rev.Stat. § 711-1106(1)(b). There was no precedent clearly interpreting the limits of section 711-1106(1)(b) until 1994,[3] when the Supreme Court of Hawai'i held that both the original and amended versions of section 711-1106(1)(b) criminalized only fighting words. In re Doe, 869 P.2d 1304, 1310-11 n. 10 (Haw.1994). In Doe, the Hawai'i Supreme Court explained that the 1992 amendment inserting the word "immediate" before "violent response" was a "technical" and "nonsubstantive" change, and that the Hawai'i legislature had intended that the original enactment of section 711-1106(1)(b) comport with First Amendment requirements. Therefore, although the original version of the law was applicable in Doe, the court analyzed the case under the fighting words doctrine.
 
 
 10
 The Doe court also concluded that the First Amendment required the application of a heightened "fighting words" standard to abusive speech directed at police officers. Id. at 1314-18; cf. City of Houston, 482 U.S. at 462 (noting that Justice Powell's concurrence in Lewis, 415 U.S. at 135, suggested that the fighting words exception might require a narrower application in cases involving speech directed at police officers, because officers' training would make them "less likely to respond belligerently to 'fighting words' "). The court therefore held that abusive speech directed at a police officer loses First Amendment protection only when speech that would constitute fighting words if directed at a member of the public also is accompanied by "outrageous conduct." See Doe, 869 P.2d at 1315.
 
 
 11
 We assume, without deciding, that the speech Locricchio directed at Richards did not constitute fighting words under the standards articulated either in Chaplinsky and its progeny or in Doe. At the time of the relevant conduct, however, a reasonable officer could have believed that abusive speech that did not rise to the level of fighting words violated section 711-1106(1)(b) when the speech was accompanied by "persistent outrageous conduct," and that arresting Locricchio under such circumstances did not violate the First Amendment.
 
 
 12
 In State v. Vance, 602 P.2d 933, 937-38 (Haw.1979), the Supreme Court of Hawai'i found probable cause to arrest a defendant for harassment when the defendant yelled insults, threats, and profanities at police officers while pounding on a countertop and ignoring officers' repeated warnings to be quiet. In State v. Faulkner, 637 P.2d 770, 774 (Haw.1981), the court overturned a defendant's conviction for disorderly conduct, but, relying on Vance, suggested that the police properly could have charged the defendant with harassment. The Faulkner defendant had argued with a police officer in a loud voice and used profane language when he became dissatisfied with the manner in which the officer was performing his duties. Id. at 772-73. The court explained that "[b]elligerency, when combined with persistently outrageous and abusive conduct, which unreasonably interferes with an officer's performance of official duties, may supply the basis for a charge of harassment under Haw.Rev.Stat. § 711-1106." Id. at 774 (emphasis added).
 
 
 13
 We also note that at the time of Locricchio's arrest, the Hawai'i Intermediate Court of Appeals had held that "[w]ords ... are not essential elements of the crime of harassment." See In re Doe, 788 P.2d 173, 175 (Haw.App.1990) (case unrelated to Doe, 869 P.2d 1304.) The Court of Appeals implied that an action, without accompanying words, itself might constitute an "insult, taunt, or challenge" for purposes of section 711-1106-(1)(b), but did not differentiate between speech directed at members of the general public and speech directed at police officers. Id.[4]
 
 
 14
 In light of Faulkner, Richards reasonably could have believed that Locricchio's arrest did not violate clearly established First Amendment rights. Locricchio yelled loudly at Richards, accused Richards of failing to properly carry out his duties, used profanity, and refused Richards's repeated requests to quiet down. There was evidence that when Locricchio was yelling at Richards, he was standing close enough to Richards that Richards could feel flecks of spit on his face. There also was evidence that Locricchio was so close to Richards that it looked as if he could "bite off the officer's nose," and that Locricchio was pointing at Richards and waving his hands. A reasonable officer could have concluded that Locricchio's conduct was persistent and outrageous, and that the conduct was interfering with the performance of his duties in connection with the alleged theft. Alternatively, in light of the state court of appeals' decision in Doe, 788 P.2d 173, a reasonable officer could have concluded that Locricchio's conduct alone constituted an "insult, taunt, or challenge" in violation of section 711-1106(1)(b), see id. at 175.[5]
 
 
 15
 When Richards arrested Locricchio, the Supreme Court of Hawai'i had not clearly established that both fighting words and outrageous conduct must be directed at a police officer before the officer may effectuate an arrest for violation of section 711-1106-(1)(b). We cannot assume that a reasonable police officer in Richards's position would understand that an arrest would violate the First Amendment when faced with state supreme court precedent implying that speech that nears, but does not reach, the status of fighting words loses First Amendment protection if accompanied by outrageous conduct. We therefore conclude that Richards is entitled to qualified immunity.
 
 II.
 
 16
 We also must review the district court's directed verdict in favor of the County and City on Locricchio's Monell claims, because our conclusion that Richards enjoys qualified immunity may not necessarily preclude municipal liability. See Sunn v. City & County of Honolulu, 852 F.Supp. 903, 907 (D.Haw.1994) (a finding that a police officer enjoys qualified immunity does not mean that no constitutional violation occurred, and therefore does not preclude municipal liability). We review de novo the district court's grant of the motion for a directed verdict. Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir.1994) (per curiam). We conclude that even if Richards violated Locricchio's First Amendment rights, Locricchio did not present evidence that would permit a reasonable jury to find that there was a nexus between a City or County policy and the arrest. See Monell v. Department of Social Servs., 436 U.S. 658, 690-95 (no municipal liability under § 1983 unless an official policy or custom is the "moving force" behind the constitutional violation). We therefore affirm the district court's directed verdict in favor of the City and County.
 
 III.
 
 17
 We conclude that Richards is entitled to qualified immunity for his arrest of Locricchio. We also conclude that the district court properly directed the verdict in favor of the City and County.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The Honorable Audrey B. Collins, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Haw.Rev.Stat. § 711-1106(1)(b) (1985), which is applicable to this case, provided that "a person commits the offense of harassment, if, with intent to harass, annoy, or alarm another person, he: ... [i]nsults, taunts, or challenges another person in a manner likely to provoke a violent response[.]" A 1992 amendment to the statute inserted language requiring that the "insult, taunt, or challenge" be uttered "in a manner likely to provoke an immediate violent response." See In re Doe, 869 P.2d 1304, 1310 n. 10 (Haw.1994)
 
 
 [2]
 Although Locricchio also appeals the district court's denial of his motion for a directed verdict, we do not address this claim separately because the standards for granting both motions are the same. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir.1994) (per curiam) (directed verdict is proper when evidence permits only one reasonable conclusion); Venegas v. Wagner, 831 F.2d 1514, 1517 (9th Cir.1987) (court cannot grant JNOV if reasonable minds could differ over the verdict)
 
 
 [3]
 At the time of Locricchio's arrest, the Hawai'i Supreme Court had suggested, in a footnote, that "abusive language, coupled with ... outrageous physical conduct ... would have warranted a charge of harassment under Haw.Rev.Stat. § 711-1106(a)." See State v. Jendrusch, 567 P.2d 1242, 1245 n. 3 (Haw.1977)
 
 
 [4]
 Although the Hawai'i Supreme Court subsequently announced a heightened fighting words standard for police officers in In re Doe, 869 P.2d 1304 (Haw.1994), words are still not an essential element for the offense of harassment when the harassment is directed at a member of the public. See Fraser v. County of Maui, 855 F.Supp. 1167, 1175 (D.Haw.1994)
 
 
 [5]
 Whether actions outrageous enough to create the risk of an imminent violent response, when unaccompanied by fighting words, violate § 711-1106(1)(b) if directed at a police officer may present an open question of law. See Fraser, 855 F.Supp. at 1175 (plaintiff's actions in persistently following and conducting surveillance of another person for purpose of exposing his poor job performance constituted a challenge likely to provoke a violent response, even though she did not speak to him); Doe, 788 P.2d at 175 (words not essential element of harassment in violation of § 711-1106(1)(b))