98 F.3d 1345
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Malcolm B. BURBANK, Plaintiff-Appellant,
v.
CITY OF IDAHO FALLS, a municipal corporation, Defendant-Appellee.
 No. 95-35095.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 9, 1996.
Decided Sept. 11, 1996.
 
 Before: ALARCON, NORRIS, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We affirm the summary judgment in favor of the City of Idaho Falls because we conclude Burbank did not have a "disability" as defined by the ADA or the Idaho Human Rights Act ("IHRA").
 
 
 3
 First, Burbank argues that the district court violated the law of the case by granting judgment as a matter of law to defendant Idaho Falls, after the district judge previously assigned to the case had denied defendant's motion for summary judgment. We reject this argument. When denying a motion for summary judgment, a district court creates law of the case when it "clearly intend[s] to decide the issues at hand." Federal Ins. Co. v. Scarsella Bros., Inc., 931 F.2d 599, 601 n. 4 (9th Cir.1991) (holding district court created law of the case in denying summary judgment by ruling that plaintiff was required by law to provide insurance coverage to defendant). A district court does not "clearly intend[ ] to decide the issues at hand" when it merely finds genuine issues of material fact that call for determination at trial. See Id. at 601 n. 4; Dessar v. Bank of Amer. Nat'l Trust and Savings Assoc., 353 F.2d 468, 469-70 (9th Cir.1965). Since District Judge Lodge denied defendant's motion for summary judgment because he found substantial evidence from which a reasonable juror could decide for Burbank at trial, he did not clearly intend to decide the issues at hand, and the law of the case doctrine does not apply. Cf. Preaseau v. Prudential Ins. Co., 591 F.2d 74, 79-80 (9th Cir.1979) (district court did not abuse its discretion in case removed from state court when district court chose not to follow state court's previous ruling on summary judgment); Castner v. First Nat'l Bank, 278 F.2d 376, 380-81 (9th Cir.1960) (district court did not abuse its discretion in dismissing complaint after prior judge denied motion to dismiss and motion for summary judgment).
 
 
 4
 Next, Burbank argues the district court erred in granting judgment as a matter of law to defendant because there was sufficient evidence for a reasonable jury to conclude that Burbank had a "disability" as defined by the ADA and the IHRA.[1] The standard for reviewing the district court's grant of judgment as a matter of law is de novo. Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir.1994); Zamalloa v. Hart, 31 F.3d 911, 913 (9th Cir.1993); In re Hawaii Federal Asbestos Cases, 960 F.2d 806, 816 (9th Cir.1992). Judgment as a matter of law is proper when the evidence permits only one reasonable conclusion. Berry, F.3d at 1057. The evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in favor of that party. Id.
 
 
 5
 Burbank concedes that he is not actually disabled, but argues that he presented sufficient evidence for a jury to find that he has "a record of" disability or was "regarded as having" a disability under the ADA and the IHRA.[2] See 42 U.S.C. § 12102(2)(B)-(C); Idaho Code § 67-5902(15). Burbank claims that defendant regarded him as substantially limited in the major life activity of working because defendant believed he was unable to work in law enforcement, to fly an airplane, or to use a microscope. The regulations define substantially limited in the major life activity of working as "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes.... The inability to perform a single, particular job does not constitute a substantial limitation." 29 C.F.R. § 1630.2(j)(3)(i). The evidence, viewed in the light most favorable to Burbank, shows only that defendant regarded Burbank as unable to be a patrol police officer, a professional pilot, and a lab technician. Aside from the fact that Burbank presents no evidence that he is qualified to be a lab technician or a professional pilot, this is not a "broad range of jobs in various classes." Cf. Daley v. Koch, 892 F.2d 212, 215 (2d Cir.1989) (holding that inability to be police officer is not substantial limitation of major life activity of working); Jasany v. United States Postal Service, 755 F.2d 1244, 1248 (6th Cir.1985) (holding substantial limitation of major life activity of working means significant decrease in individual's ability to obtain satisfactory employment otherwise). Thus, Burbank has not presented sufficient evidence to show that defendant regarded him as substantially limited in the major life activity of working.
 
 
 6
 Burbank also claims that defendant regarded him as substantially limited in the major life activity of seeing because defendant believed his right eye was "useless." Burbank presents no evidence to support this claim. Instead, the evidence viewed in the light most favorable to Burbank shows only that defendant regarded his impairment as a partial loss of vision in his right eye, correctable to 20/40 with some central vision loss. Defendant believed this vision loss impaired Burbank's ability to drive at night, read license plates, and perform any activity that required the use of only his right eye. See Appellant's Excerpts of Record Tabs 9, 10, 12. However, loss of part of the vision in one eye is not a substantial limitation sufficient to qualify as a disability under either the ADA or the IHRA. Cf. Chandler v. City of Dallas, 2 F.3d 1385, 1389-90 (5th Cir.1993) (holding vision in left eye correctable to 20/60 does not substantially limit any major life activity), cert. denied, 114 S.Ct. 1386 (1994). Therefore, Burbank has failed to present evidence that he has a disability under state and federal law.
 
 
 7
 Since we affirm based on plaintiff's failure to present sufficient evidence that he had a disability as defined by statute, we need not address whether plaintiff was constructively discharged.
 
 
 8
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Since the ADA and IHRA definitions of disability are substantially similar, we use the same analysis for both claims
 
 
 [2]
 Plaintiff treats the "record of" and "regarded as" prongs of the definition of disability as interchangeable. Since we believe plaintiff's argument amounts only to a "regarded as" claim, we will only address that prong