145 F.3d 1339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James D. MACIEL, Plaintiff-Appellant,
v.
James ROWLAND, Eddie Ylst, William Bunnell, Jack R. Reagan,
G. Nakagawa, S. Gorham, D.H. Fortin, K. Hayward, Dr. Gay,
C.F. Stowell, C.V. Roddy, E. Roe, L. Garcia, R.J. Dahl, B.
Holmes, P. Eby, R. Vieyra, J. Vanee, D. Smith, J. Ramos, Roy
T. Johnson, and B. Hiebert, Defendants-Appellees.
 No. 97-16232.
 D.C. No. 92-CV-5096.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1998.**
Decided April 27, 1998.
 
 Appeal from the United States District Court for the Eastern District of California, Robert E. Coyle, District Judge, Presiding.
 Before BRUNETTI, RYMER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Prisoner James D. Maciel appeals from the district court's grant of summary judgment in favor of defendants. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's grant of summary judgment de novo. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). We affirm.
 
 
 3
 Because the parties are familiar with the facts, we mention them only briefly here. Maciel is an inmate in the California state prison system. Maciel claims defendants violated the Eighth and Fourteenth Amendments by forcing him to work despite his medical and physical limitations.
 
 
 4
 The district court properly dismissed Maciel's claims against Rowland, the director of the California Department of Corrections, and against wardens Ylst and Bunnell. To establish liability for supervisory officials such as these defendants, a plaintiff must show: the supervisor was involved in the constitutional deprivation; there was a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation; or the supervisor "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights." Hansen v. Black, 885 F.2d 642, 646 (9th Cir.1989) (citations omitted). Although Maciel alleged these defendants implemented a policy to ignore medical recommendations, he failed to offer any evidence in support of his allegation.
 
 
 5
 The district court properly granted summary judgment in favor of the defendants who were involved in assigning Maciel to work. Prison officials violate the Eighth Amendment when they are deliberately indifferent to the serious medical needs of convicted prisoners. Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). To state such a claim, a prisoner must show that the prison official knew of and disregarded a substantial risk of serious harm to his health or safety. Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). In addition, the Eighth Amendment does not apply where prisoners have been required to work unless they are "compelled to perform physical labor which is beyond their strength, endangers their lives or health, or causes undue pain." Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir.1994).
 
 
 6
 The district court adopted the finding and recommendation of the magistrate judge that Maciel was not assigned to perform work that exceeded the medical recommendations, also known as "chronos," of Dr. Gilman and Dr. Trinh. These prison doctors acknowledged Maciel had physical limitations but believed Maciel was capable of performing light work. Given these medical recommendations, Maciel cannot sustain his claim that defendants were deliberately indifferent by recommending he work.
 
 
 7
 Maciel claims the court engaged in improper factfinding by relying upon the chronos prepared by Dr. Trinh and Dr. Gilman and ignoring other chronos indicating Maciel was medically unassignable. A difference of medical opinion, however, does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 331 (9th Cir.1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989).
 
 
 8
 Maciel contends the court ignored evidence indicating he suffered physical pain as a result of working. As the court explained, however, Maciel's complaint involved his initial placement in his job, and not any physical problems Maciel may have suffered subsequently.
 
 
 9
 Maciel contends that summary judgment should not have been granted in favor of the defendants who were involved in the prison appeals process. Prisoners do not have a legitimate claim of entitlement to a prison grievance system. Mann v. Adams, 855 F.2d 639 (9th Cir.1988). Summary judgment was properly granted in favor of defendants Reagan, Nakagawa, Fortin, Roddy, Dahl, Ramos, and Roe.
 
 
 10
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3