Daniel Steve DIXON, Plaintiff–
Appellant,

v.

M. HOWE;  et al., Defendants–
Appellees.

No. 01–17057.
D.C. No. CV–97–02386–WBS/GGH.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 12, 2002.*

Decided Aug. 16, 2002.

Before SCHROEDER, Chief Judge,
TASHIMA and RAWLINSON, Circuit
Judges.

MEMORANDUM **

California prisoner Daniel Steve Dixon
appeals pro se the district court's sum-
mary judgment in favor of prison officials
in his 42 U.S.C. § 1983 action alleging
deliberate indifference to his serious medi-
cal needs.  We have jurisdiction pursuant
to 28 U.S.C. § 1291.  We review de novo,
*Barnett v. Centoni,* 31 F.3d 813, 815 (9th
Cir.1994) (per curiam), and we affirm.

     The undisputed facts establish that
defendants responded to Dixon's request
for medical treatment by promptly sched-

---

* The panel unanimously finds this case suitable
  for decision without oral argument.  *See* Fed.
  R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
   cation and may not be cited to or by the
   courts of this circuit except as may be provid-
   ed by Ninth Circuit Rule 36–3.

uling him for a doctor's appointment, referring him to a cardiologist for further evaluation, and performing surgery to replace a defective aortic valve. The district court therefore properly concluded that Dixon's showing of a difference of medical opinion was insufficient as a matter of law to establish deliberate indifference. *See Jackson v. McIntosh,* 90 F.3d 330, 332 (9th Cir.1996).

Dixon's contention that Dr. Flohr interfered with his medical treatment by referring him to another cardiologist for a second opinion after Dr. Dassah recommended cardiac catheterization also amounts only to a difference in opinion about the proper course of treatment. *See id.*

■ The district court properly concluded that any delay Dixon experienced before seeing a specialist did not constitute deliberate indifference because Dixon failed to demonstrate that the delay caused him any harm. *See Berry v. Bunnell,* 39 F.3d 1056, 1057 (9th Cir.1994) (per curiam). Moreover, Dixon failed to present evidence to refute defendants' contention that the delay he experienced was comparable to that typical in the medical community. *See Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir.1989).

The district court also properly found that Dixon failed to present evidence that any defendants were unqualified to render medical decisions. *See id.*

Finally, the district court did not abuse its discretion by granting summary judgment without allowing Dixon the opportunity to conduct additional discovery because he failed to demonstrate how additional discovery would have precluded

summary judgment. *See Panatronic v. AT&T Corp.,* 287 F.3d 840, 846 (9th Cir. 2002).

We have considered Dixon's remaining contentions and conclude that they lack merit.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.