**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KENNETH KNANISHU, | No. 11-15733 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-00005-JAM-JFM |
| v. | |
| JOHN MCGINNESS, Sheriff; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted June 26, 2012[**]

Before: SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

California state prisoner Kenneth Knanishu appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging that, while he

was incarcerated in the Sacramento County Main Jail, defendants violated his

constitutional rights by failing to protect him from, and delaying medical treatment

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

after, an attack by another inmate. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim under 28 U.S.C. § 1915A, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2007), and we affirm.

After giving Knanishu specific notice of the deficiencies in his complaints and multiple opportunities to amend, the district court properly dismissed the claims against Jacoby because the allegations in the complaint did not "plausibly suggest an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009); *see also Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (to state a claim for deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"); *Berry v. Bunnel*, 39 F.3d 1056, 1057 (9th Cir. 1994) (per curiam) (to establish deliberate indifference claim based on delay in medical treatment, plaintiff must show that the delay itself caused harm).

The district court properly dismissed the deliberate indifference claims against Fitch and Covington because the allegations in the operative complaint did not "plausibly suggest an entitlement to relief." *Ashcroft*, 556 U.S. at 681; *see also Moss v. U.S. Secret Serv.*, 675 F.3d 1213, 1230 (9th Cir. 2012) (to state a claim, plaintiff must allege that defendant engaged in some "culpable action or inaction";

supervisors are not "liable under § 1983 for the unconstitutional actions of their subordinates based solely on a theory of respondeat superior").

The district court properly dismissed the claims against the County of Sacramento because Knanishu did not allege that his injuries were proximately caused by defendants' conduct under an official county policy, custom, practice, or procedure. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (setting forth requirements for a § 1983 claim of municipal liability).

**AFFIRMED.**