**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAMUEL ANTHONY ACINELLI, Jr., | No.   15-56955 |
| Plaintiff-Appellant, | D.C. No. 5:13-cv-00381-AB-PLA |
| v. | |
| BLACKMON, Lt. Supervisor of Work Assignments, individual capacity and official capacity, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Submitted January 18, 2017[**]

Before:    TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Samuel Anthony Acinelli, Jr., a California state prisoner, appeals pro se

from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs arising from his work

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

assignment.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment because Acinelli failed to raise a genuine dispute of material fact as to whether defendant Lt. Blackmon was deliberately indifferent to Acinelli's health by not removing Acinelli from his work assignment.  *See id.* at 1057 (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to the prisoner's health); *Berry v. Bunnell*, 39 F.3d 1056, 1057 (9th Cir. 1994) ("[T]he Eighth Amendment does not apply [to prison labor conditions] unless prisoners are compelled to perform physical labor which is beyond their strength, endangers their lives or health, or causes undue pain.").

**AFFIRMED.**