In the

# United States Court of Appeals
### For the Seventh Circuit

No. 10-1013

ANTHONY L. SMITH,

*Plaintiff-Appellant*,

*v.*

GILBERT PETERS, *et al.*,

*Defendants-Appellees*.

Appeal from the United States District Court
for the Southern District of Indiana, Evansville Division.
No. 3:09-cv-101-RLY-WGH—**Richard L. Young**, *Chief Judge*.

SUBMITTED NOVEMBER 4, 2010—DECIDED JANUARY 19, 2011

Before POSNER, WOOD, and WILLIAMS, *Circuit Judges*.

POSNER, *Circuit Judge*. Anthony Smith, an Indiana state prisoner, filed this civil rights suit which charges that prison employees had violated the Eighth Amendment by forcing him to work at hard labor in dangerous conditions, and had violated the First Amendment by penalizing him for questioning the propriety of the work assignment and preparing to sue. He seeks damages. He also seeks injunctive relief, but that claim is moot because he's been moved to a different prison. The dis-

trict court dismissed the complaint for failure to state a claim.

Smith was assigned to uproot tree stumps. Workers on the stump crew were forced, the complaint alleges (and since the complaint was dismissed on its face, we take its allegations to be true, though of course without vouching for their truth), to work in "freezing cold" with axes, pickaxes, and shovels and without having received any safety instruction or protective gear—not even gloves. Stump-crew workers are alleged to be at risk of getting hit by the blades of their tools because the heads of the tools slip from their handles as the prisoners hack away without proper training. Smith developed blisters from handling these heavy tools in the cold without gloves.

He filed grievances with prison officials complaining about the hazards that members of the stump crew face. The prison eventually responded by transferring him to a recreational job, but also, he claims, retaliated against him by limiting his access to the law library and firing him from his new job on the pretext that he was using the law library during the hours in which he was supposed to be working in the new job.

The district court dismissed the Eighth Amendment claim, insofar as it complained about failure to provide gloves for outdoor work in cold weather, on the ground that Smith's blisters were nothing more than "the usual discomforts of winter" rather than deprivations of the "minimal civilized measure of life's necessities," and brushed off his fear of dangerous working conditions

because it was, the court ruled, a claim of emotional or psychological injury, which is not actionable unless the result of a physical injury. 42 U.S.C. § 1997e(e). The court did not discuss the First Amendment claim.

Although no one much likes to work out of doors during the winter, the normal discomfort that such work involves does not make the work cruel and unusual punishment. But that is provided that the worker is properly clothed. Smith does not specify the temperature in which he was working without gloves and got blisters on his hands but it was during the winter of 2008-2009, and the average temperature at the location of the Branchville Correctional Facility in Indiana where he was imprisoned was only 29.6 degrees Fahrenheit in January (it was 35.2 in December, 38.8 in February, and 50.2 in March); on January 16 it plunged to -7.

"The Eighth Amendment 'forbids knowingly compelling an inmate to perform labor that is beyond the inmate's strength, dangerous to his or her life or health, or unduly painful.'" *Ambrose v. Young*, 474 F.3d 1070, 1075 (8th Cir. 2007). It forbids forcing prisoners to "perform physical labor which is beyond their strength, endangers their lives or health, or causes undue pain." *Berry v. Bunnell*, 39 F.3d 1056, 1057 (9th Cir. 1994) (per curiam). Failure to provide a prisoner required to work out of doors with minimal protective clothing, obviously including gloves, can therefore violate the Eighth Amendment, as countless cases have found. See, e.g., *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*,

468 F.3d 488, 493 (7th Cir. 2006); *Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997); *Murphy v. Walker,* 51 F.3d 714, 720-21 (7th Cir. 1995); *Bibbs v. Early*, 541 F.3d 267, 272 (5th Cir. 2008); *Spencer v. Bouchard,* 449 F.3d 721, 728 (6th Cir. 2006); *Palmer v. Johnson*, 193 F.3d 346, 352-53 (5th Cir. 1999).

The "usual discomforts of winter" to which the district judge referred do not include handling heavy tools with gloveless hands in subzero weather. Our prison system is not the gulag. Smith's blisters could have been caused by his handling the stump removal tools without gloves, or could even have been precursors to or consequences of frostbite—the record does not say. But the allegations of the complaint are sufficient to preclude dismissal for failure to state a claim.

Smith's allegations regarding the hazardous work environment to which he was subject present an Eighth Amendment claim that is distinct from the claim we've just been discussing. There is a difference between experiencing actual pain or injury, on the one hand (conceivably including a "condition not injurious in itself but likely to ripen eventually into a palpable physical injury," a matter left unresolved in *Robinson v. Page*, 170 F.3d 747, 749 (7th Cir. 1999)), and being subjected to hazards merely threatened, on the other. Because Smith was transferred to another prison before such dangers as being struck by an axe blade occurred, he could not seek either injunctive relief or (because "no Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody

without a prior showing of physical injury," 42 U.S.C. § 1997e(e)) compensatory damages.

This limitation on the relief available in prisoner suits charging violations of the Eighth Amendment is constitutionally permissible. *Zehner v. Trigg*, 133 F.3d 459, 461-62 (7th Cir. 1997); *Harris v. Garner*, 216 F.3d 970 (11th Cir. 2000) (en banc), reinstating 190 F.3d 1279, 1288-90 (11th Cir. 1999); *Davis v. District of Columbia*, 158 F.3d 1342, 1346-48 (D.C. Cir. 1998). But this does not make actual physical injury "a filing prerequisite for the federal action itself." *Calhoun v. Detella*, 319 F.3d 936, 940 (7th Cir. 2003); see also *Helling v. McKinney*, 509 U.S. 25, 33 (1993); *Cassidy v. Indiana Dep't of Corrections*, 199 F.3d 374, 376-77 (7th Cir. 2000); *Allah v. Al-Hafeez*, 226 F.3d 247, 251 (3d Cir. 2000). Prison officials who recklessly expose a prisoner to a substantial risk of a serious physical injury violate his Eighth Amendment rights, and therefore are subject to those remedies that are not barred by section 1997e(e)— injunctive relief of course (unless as in this case an injunctive claim is moot) but also nominal and even (most courts have ruled) punitive damages. E.g., *Calhoun v. Detella, supra*, 319 F.3d at 940-41; *Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007) (per curiam); *Mitchell v. Horn*, 318 F.3d 523, 533 (3d Cir. 2003); *Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004); *Thompson v. Carter*, 284 F.3d 411, 418 (2d Cir. 2002); but see *Harris v. Garner, supra*; *Davis v. District of Columbia, supra*, 158 F.3d at 1348.

The district court's failure to address Smith's First Amendment claim was another error. If the facts alleged in the complaint are true, which has yet to be deter-

mined, he was punished for complaining about mistreatment, and such punishment is an infringement of the free-speech rights, limited as they are, of prison inmates.

The judgment is reversed and the case remanded for further proceedings consistent with this opinion.