NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 20, 2011[*]
Decided July 20, 2011

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-1992

| | |
|---|---|
| NATHAN GILLIS, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 10-cv-509-bbc |
| | |
| RICHARD RAEMISCH, et al., | Barbara B. Crabb, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

This litigation under 42 U.S.C. § 1983 arises from a mistake in a written judgment of conviction entered by a Wisconsin state judge against the plaintiff. The district court dismissed the suit with prejudice, ostensibly under Federal Rule of Civil Procedure 8(a), on the understanding that the plaintiff had not given the defendants sufficient notice of his claim.

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Nathan Gillis was released on probation in Wisconsin after a conviction for kidnapping. *See* WIS. STAT. § 940.31(1)(b). According to the allegations in his complaint, which at this stage we must accept as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), a state judge revoked his probation in 2006 and resentenced him to 12 years' imprisonment. The revised judgment mistakenly characterized Gillis as a habitual criminal, *see* WIS. STAT. § 939.62, and his initial efforts to get the judgment corrected proved unsuccessful. Then in 2008, his complaint continues, Gillis was denied parole based on the misinformation in the judgment. He continued his efforts to get the judgment corrected, but it wasn't until 2010 that the state judge identified and fixed the mistake. Even then, however, the designation remained in his prison records.

Gillis sued the state judge, the prison warden, and the former head of the state prison system, claiming, as relevant here, that the denial of his parole based on the mischaracterization of him as a habitual criminal violated his right to due process. At screening, *see* 28 U.S.C. § 1915A, the district court dismissed the complaint as against the judge on the ground of judicial immunity and dismissed it under Rule 8 against the other defendants with the explanation that Gillis had not given them fair notice of his claim. The court invited Gillis to file an amended complaint and offered guidance to help him correct the perceived deficiency. But his amended complaint, the court reasoned, was still vague, so the court dismissed it again under Rule 8 with leave to amend. In his second amended complaint, Gillis reasserted his contention that the inaccuracies in the 2006 judgment and corresponding prison records had led to "numerous problems," including the denial of parole. He requested money damages, correction of his prison records, and a new parole hearing based on accurate information. Once more the district court concluded that Gillis's complaint fails to include sufficient detail, and this time the court dismissed the complaint with prejudice.

In this court Gillis essentially argues that he met the less-stringent pleading standards for pro se litigants and did everything possible to comply with the district court's instructions. He also reiterates that the inaccuracy in the 2006 judgment (he no longer contends that his prison records are inaccurate, presumably because they have been corrected) is the reason he was denied parole, and he seeks permission to sue the state judge.

Gillis's suit was correctly dismissed, not because his second amended complaint fails to give notice of his claim as required by Rule 8 (it is reasonably clear that he seeks damages for the denial of parole based on inaccurate information), but because his allegations, even taken as true, do not state a claim against the defendants. The warden and former director of the prison system had no involvement in creating or entering the erroneous 2006 judgment, and neither do they sit on Wisconsin's parole committee. *See Dahl v. Weber*, 580 F.3d 730, 733-34 (8th Cir. 2009); *Mosley v. Klincar*, 947 F.2d 1338, 1341 (7th Cir. 1991). And the

state judge, as the district court explained, is entitled to absolute judicial immunity. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005).

Accordingly, we AFFIRM the judgment.