**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 22, 2011[*]
Decided November 23, 2011

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-1890

| | |
|---|---|
| TONY ANDERSON, | Appeal from the United States District |
| *Plaintiff-Appellant* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 10-cv-904-MJR |
| | |
| MICHAEL RANDLE, et al. | Michael J. Reagan, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Tony Anderson, an inmate in Menard Correctional Center, claims in this lawsuit under 42 U.S.C. § 1983 that prison administrators and his doctors violated his Eighth Amendment rights when they refused to treat his left-testicle hydrocele (a collection of fluid in the testicle), as well as what he describes as a peptic ulcer. The district court

---

[*]The appellees were not served with process in the district court and are not participating in this appeal. After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(c).

dismissed the suit at screening on the ground that Anderson's complaint fails to state a claim. *See* 28 U.S.C. § 1915A. We affirm the judgment.

Because Anderson's complaint was dismissed at the pleading stage, we presume his allegations are true and draw all inferences in his favor. *See Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011). Anderson attached numerous documents, which are incorporated into his complaint for all purposes. *See* FED. R. CIV. P. 10(c). But we do not take the attached denials of his pleas for surgery as true; Anderson apparently attached them as evidence of their existence without vouching for their veracity. *See Guzell v. Hiller*, 223 F.3d 518, 519 (7th Cir. 2008); *see also McGowan v. Hulick*, 612 F.3d 636, 638 (7th Cir. 2010).

Anderson alleges that he began experiencing symptoms of his ulcer and hydrocele in 2008. He details numerous doctor visits over the next year in which the defendant doctors examined him, took blood tests, x-rays, and ultrasounds. After these tests, two different doctors told Anderson that his hydrocele would resolve itself without surgery and that he did not have a peptic ulcer (he was ultimately diagnosed with gastroesophegeal reflux disease (GERD)). He was prescribed acid-suppressants (for his GERD) and antibiotics, and when he complained they were ineffective, he was prescribed new medicines. Doctors saw him monthly and sent him for subsequent x-rays and ultrasounds to monitor for a change in either of his conditions. Anderson concludes his complaint by saying it is "beyond question that [he] needs surgery," but alleges no facts supporting this conclusion.

At screening, the district court dismissed Anderson's complaint for failure to state a claim, explaining that although his medical conditions are objectively serious, he did not plead facts to plausibly support a claim that he was ignored. The defendant prison administrators had no duty to second-guess the treatment prescribed by Anderson's doctors, the court ruled, and Anderson's allegations against the defendant doctors demonstrated that he did receive treatment, just not the surgical treatment he preferred.

On appeal, Anderson argues that the district court erred in finding that *any* treatment negated a claim of deliberate indifference against his doctors. Treatment does not preclude a finding of deliberate indifference, if the treatment provided was so "blatantly inappropriate" as to be divorced from any medical judgment. *Roe v. Eleyea*, 631 F.3d 843, 857–58 (7th Cir. 2011); *Hill v. Curcione*, 657 F.3d 116, 122–24 (2d Cir. 2011). Anderson's lawsuit could proceed even if his chance of recovery were slim, but he failed to plead facts that plausibly support even an improbable claim of neglect. *See Arnett v. Webster*, 2011 WL 4014343 at *7 (7th Cir. 2011). There is no question that Anderson alleges two serious medical conditions, but Anderson does not say that any doctor either neglected or refused

to treat him. *See McGowan,* 612 F.3d at 640–41. Instead, he acknowledges he was repeatedly examined and tested by various doctors who monitored his condition, prescribed medication, and changed his prescriptions in response to his subjective complaints that the medicines were not working. These facts do not plausibly support an inference that Anderson's doctors chose his treatment without exercising medical judgment. *See Arnett,* at *9; *McGowan,* 612 F.3d at 641. At most, his disagreement with the prescribed course of treatment sounds in medical malpractice, not deliberate indifference. *See Roe,* 631 F.3d at 857; *Duckworth v. Ahmad,* 532 F.3d 675, 679 (7th Cir. 2010); *see also United States. v. Clawson,* 650 F.3d 530, 538 (4th Cir. 2011)

Anderson also argues that the district court should not have reviewed his complaint at all, but issued a protective stay while he sought a writ of mandamus in state court. Staying a meritless claim, however, would have been an abuse of discretion, so this argument fails. *See Rhines v. Weber,* 544 U.S. 269, 276 (2005).

Because the alleged treatment was not so "blatantly inappropriate" as to constitute deliberate indifference, we AFFIRM the district court's judgment.