NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 26, 2013[*]
Decided December 2, 2013

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 13-1749

| | |
|---|---|
| JESSICA WALKER, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 12-cv-1296-GPM |
| | |
| CHARLES E. SAMUELS, JR., *et al.,* | G. Patrick Murphy, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Jessica Walker, a federal prisoner, brought suit under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against administrators of the Federal Bureau of Prisons and the Federal Correctional Institution in Greenville, Illinois. Walker alleges that they violated her equal protection and Eighth Amendment

---

[*] The appellees were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. *See* FED. R. APP. P. 34(a)(2).

rights by refusing her access to a drug-treatment program at another facility. The district court screened her complaint, *see* 28 U.S.C. § 1915A, and dismissed the suit for failure to state a claim. Because that assessment was correct, we affirm.

In 2010 Walker pleaded guilty to a drug-conspiracy charge and was sentenced to 60 months' imprisonment. Given Walker's history of substance abuse as well as her diagnosis of depression and an unspecified learning disability, the sentencing judge recommended that she participate in a substance-abuse program. She was placed at Greenville to participate in that facility's residential drug-abuse program. But she had difficulty comprehending its lessons, Walker says, because of her learning disability. She therefore requested, but was denied, a transfer to a facility in Texas with a "dual diagnosis" program for inmates suffering from both substance-abuse and mental-health problems. Administrators explained to her that she had consistently demonstrated a lack of motivation (by missing several appointments with staff as well as her tutor) in her rehabilitation. Walker was eventually expelled from the Greenville program.

In response she sued prison administrators, contending that their refusal to transfer her deprived her of equal protection because another inmate with the "same diagnosis" of both substance-abuse and mental-health issues was transferred to the Texas facility. She also alleged an Eighth Amendment violation based on the embarrassment she suffered during her struggles in the Greenville program and the belittling comments made by guards about her learning disability. On screening the complaint, the district court concluded that Walker failed to state an equal protection claim because she did not allege that the defendants discriminated against her based on her membership in an identifiable group. In dismissing Walker's Eighth Amendment claim, the district court reasoned that the embarrassment and struggles she identified did not rise to the level of cruel and unusual punishment.

On appeal Walker first maintains that she states an equal protection claim. She argues that other inmates (she has added a second one in her appellate brief) also had a dual diagnosis, but unlike her they were transferred to the Texas facility's "dual diagnosis" program. Because Walker has not alleged that prison administrators discriminated against her based on her membership in a group, we have considered whether she can proceed under a "class of one" theory of equal protection. That theory applies if "she has been intentionally treated differently from others similarly situated and … there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). But even at the pleading stage, a plaintiff must anticipate the burden of eliminating "any reasonably conceivable state of facts that could provide a rational basis" for the government's actions, *Srail v. Village of Lisle, Ill.*, 588 F.3d 940,

946 (7th Cir. 2009) (internal citation and quotation marks omitted). Likewise, she must provide a sufficiently plausible basis to overcome the applicable presumption of rationality. *See D.B. ex rel. Kurtis B. v. Kopp*, 725 F.3d 681, 686 (7th Cir. 2013); *Flying J Inc. v. City of New Haven*, 549 F.3d 538, 546–47 (7th Cir. 2008). She has not done so. Her conclusory allegation that other inmates with a dual diagnosis were transferred to the Texas program does not eliminate the reasonably conceivable possibility that these inmates suffered from more treatable mental-health issues or displayed greater commitment to their rehabilitation, thereby justifying their transfer. Accordingly, the district court properly dismissed the equal protection claim.

Walker next contends that the district court erred by dismissing her Eighth Amendment claim. She reiterates that because she was not transferred to a facility with a "dual diagnosis" program, her learning disability left her struggling to understand the drug-treatment program available to her. She also repeats that as a result, she became frustrated and embarrassed, feelings that the guards compounded with their belittling comments about her disability. But to succeed on this claim, these deprivations had to amount to "the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citation and quotation marks omitted); *see Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). As the district court correctly concluded, they did not. Under the "life's necessities" standard, prison administrators were not required even to provide the rehabilitation programs that Walker seeks. *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981); *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000). And feelings of embarrassment, even when emanating from a guard's comments about Walker that are harassing and offensive, do not constitute cruel and unusual punishment actionable under the Eighth Amendment. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000).[1]

Walker advances (for the first time on appeal) several other statutory theories of relief, including principally that the decision not to transfer her constituted disability discrimination in violation of the Rehabilitation Act, 29 U.S.C. § 794. But Walker is

---

[1]As an alternative ground for dismissing Walker's Eighth Amendment claim, the district court relied on 42 U.S.C. § 1997e(e), but this was incorrect. Because Walker did not allege any physical injury, § 1997e(e) prevents her from recovering *compensatory* damages on her Eighth Amendment claim, but this provision does not bar the claim entirely; a plaintiff alleging no physical injuries from a constitutional violation may still seek and recover *nominal* or *punitive* damages. *See Thomas v. Illinois*, 697 F.3d 612, 614 (7th Cir. 2012); *Smith v. Peters*, 631 F.3d 418, 421 (7th Cir. 2011).

pursuing damages against governmental employees, and statutes such as the Rehabilitation Act do not provide a damages remedy against them. *Id.* § 794(b); *Jaros v. Ill. Dep't of Corrs.*, 684 F.3d 667, 670 (7th Cir. 2012).

We have considered Walker's remaining contentions and all are without merit.

AFFIRMED.