NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 30, 2016[*]
Decided July 5, 2016

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 15-3196

| | |
|---|---|
| JASON T. MYERS, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | |
| | No. 1:15-cv-00471-TWP-MJD |
| INDIANA DEPARTMENT OF CORRECTION, et al., | Tanya Walton Pratt, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Jason Myers, an Indiana inmate, sued the Indiana Department of Corrections and several prison officials on two claims: prison officials denied him access to the courts by refusing to deliver mail from Indiana's court of appeals, and they violated the Eighth Amendment by inadequately cleaning his clothing. *See* 42 U.S.C. § 1983. The district court screened Myers's complaint, *see* 28 U.S.C. § 1915A, and dismissed it for failure to

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

state a claim. We conclude that Myers failed to state an access-to-courts claim because he had no potentially meritorious state-court claim. And we conclude that Myers pleaded himself out of court on his claim of inadequately cleaned clothing. We therefore affirm.

Myers's claim that the defendants denied him access to the courts concerns a state suit for false imprisonment. In 2006 he was arrested and later convicted in Indiana state court for selling narcotics. Nearly five years after he was arrested, he sued the sheriff in state court for jailing him for nearly a month after his arrest without an arraignment or an initial hearing before a judge. The state trial court concluded that the two-year statute of limitations barred this false-imprisonment claim. Myers appealed, arguing that a five-year statute of limitations applied, but the appellate court dismissed the case. Myers responded with this case, alleging that prison officials failed to give him mail from Indiana's court of appeals while his appeal was pending; when Myers did not respond to the court's message, he continues, the court dismissed his appeal.

Myers's claim under the Eighth Amendment concerns his clothing. He alleges that, from 2010 to 2014, the Correctional Industrial Facility where he was incarcerated required him to use the prison's laundry service. He says that prison policy forbade prisoners from washing clothes in their sinks. Prisoners put their laundry "in a mesh bag," which went to the laundry area for the "washing and drying process." Upon return, however, Myers learned that his "bags had been subjected to excessive heat, causing extreme static"; the laundry was "dingy brown and smell[ed] like sweaty gym clothes." Myers complained about this problem through several grievances. The laundry room supervisor acknowledged in 2013 that he was aware of the problem and would address it, but the problem continued for another year.

The district judge dismissed Myers's complaint at screening and—after giving Myers an opportunity to amend the complaint to cure its defects—dismissed the action for failure to state a claim. She reasoned that Myers did not state a claim that the prison denied him access to the courts because, among other things, Myers did not allege that a five-year state of limitations applied to his false-imprisonment claim. For the claim about dirty laundry, the district judge concluded that "[h]aving clothes returned to him sometimes dirty and smelling of sweat, though unpleasant, is not a deprivation serious enough to support an Eight Amendment Claim." She added that it was "[o]f even greater significance," however, that 42 U.S.C. § 1997e(e) barred Myers's claim because he had not alleged a physical injury, which is required before bringing a federal civil action for mental or emotional injury.

Myers does not develop an argument on appeal about his claim that the prison denied him access to the courts, but the district court properly dismissed it. Even before Myers filed his appeal in state court, the Court of Appeals of Indiana had held that a two-year statute of limitations applied to claims of false imprisonment. *See Johnson v. Blackwell*, 885 N.E.2d 25, 30 (Ind. Ct. App. 2008). Because he lacks a potentially meritorious underlying claim as required by *Christopher v. Harbury*, 536 U.S. 403, 414–16 (2002), Myers fails to state a claim that the prison denied him access to the courts.

On his claim regarding his dirty clothes, although we agree with its dismissal, we pause to comment on a misstep in the district court. The district judge was incorrect to state that, under 42 U.S.C. § 1997e(e), a prisoner must allege a physical injury in order to state a claim for mental or emotional injury. *See Calhoun v. Detella*, 319 F.3d 936, 940 (7th Cir. 2003) ("[A] physical injury is merely a predicate for an award of damages for mental or emotional injury, not a filing prerequisite for the federal civil action itself."); *Cassidy v. Ind. Dep't of Corr.*, 199 F.3d 374, 376–77 (7th Cir. 2000) (explaining that § 1997e(e) limits relief available to prisoners if no physical injury alleged, but does not bar lawsuit entirely). Moreover, Myers requested a punitive damages award and an injunction, neither of which § 1997e(e) bars. *See Smith v. Peters*, 631 F.3d 418, 421 (7th Cir. 2011) (explaining that prison officials who violate a prisoner's Eighth Amendment rights "are subject to those remedies that are not barred by section 1997e(e)—injunctive relief of course . . . but also nominal and even (most courts have ruled) punitive damages"). But as we are about to explain, this misstep was harmless.

Myers has brought his claim against only one potentially proper defendant, the laundry room supervisor, Russell Hiatt. Myers cannot sue the Indiana Department of Corrections under § 1983 because it is not a "person" within the meaning of that statute. *See Will v. Michigan Department of State Police*, 491 U.S. 58, 64 (1989). Myers also sued two officers involved in the prison grievance process, but he does not say that either official was personally involved in providing laundry services. *See Minix v. Canarecci*, 597 F.3d 824, 833–34 (7th Cir. 2010).

Myers argues that, because he received inadequately washed clothing for four years, he experienced cruel and unusual punishment in violation of the Eighth Amendment. He emphasizes that Hiatt knew about the problem but failed to fix it. In evaluating this argument, we bear two principles in mind. First, "[a] prison official's act or omission [that] result[s] in the denial of the minimal civilized measure of life's necessities" violates the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Those necessities include clothing, sanitation, and hygienic materials. *See id.* at 832;

*Townsend v. Cooper*, 759 F.3d 678, 687 (7th Cir. 2014); *Townsend v. Fuchs*, 522 F.3d 765, 774 (7th Cir. 2008); *Gillis v. Litscher*, 468 F.3d 488, 493–94 (7th Cir. 2006); *Sanville v. McCaughtry*, 266 F.3d 724, 733 (7th Cir. 2001); *Ramos v. Lamm*, 639 F.2d 559, 568 (10th Cir. 1980). Second, exposing inmates to the significant risk of a severe injury by "mingling of inmates with serious contagious diseases with other prison inmates" may violate the Eighth Amendment even when no actual illness results. *Helling v. McKinney*, 509 U.S. 25, 33–34 (1993). The length of time that the prison exposes an inmate to a harm may affect whether the exposure violates the Eighth Amendment. *See Hutto v. Finney*, 437 U.S. 678, 686–87 (1978); *Dixon v. Godinez*, 114 F.3d 640, 643 (7th Cir. 1997); *Gates v. Cook*, 376 F.3d 323, 333 (5th Cir. 2004).

Applying the first principle, we conclude that Myers has not stated a claim that the prison deprived him of the minimal civilized necessities. Myers may be upset that his items were discolored and "smell[ed] like sweaty gym clothes." Deficiencies in whiteness and freshness alone, however, do not fall short of the minimal necessities that the Eighth Amendment requires for basic dignity. *See Townsend*, 759 F.3d at 687 (failing to provide inmate with any clothes or shoes for a period of weeks states a claim under Eighth Amendment); *Gillis*, 468 F.3d at 490–91, 493–94 (inmate provided with no clothing, bedding, or mattress for several days and forced him to sleep on concrete floor in cold conditions survived summary judgment on Eighth Amendment claim).

We also conclude that Myers has not stated an Eighth Amendment claim for exposure to a significant risk of severe injury. Although we can imagine situations where an inmate's prolonged exposure to soiled clothing creates a constitutionally intolerable risk of serious injury, Myers has pleaded himself out of court on such a claim here. He acknowledges that his clothes regularly went through a "washing and drying process." Although he criticizes this laundering process, he doesn't allege that it left any residue that might transmit serious diseases. *See Howard v. Adkison*, 887 F.2d 134, 136–37 (5th Cir. 1989) (inmate could proceed on a claim that prison officials violated Eighth Amendment because they required him to use a mattress that was stained with urine and covered with human waste). Moreover, the plausibility of a serious health risk here is undercut because, after four years of wearing his laundered clothing, Myers identifies no adverse medical condition arising from them.

AFFIRMED.