In the

# United States Court of Appeals

### For the Seventh Circuit

———————————

No. 14-3781

LEROY ANDERSON,

*Plaintiff-Appellant,*

*v.*

MATTHEW MORRISON and MARCUS HOLTON,

*Defendants-Appellees.*

———————————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 13 CV 8622 — **Manish S. Shah**, *Judge.*

———————————

SUBMITTED MAY 6, 2016[*] — DECIDED AUGUST 26, 2016

———————————

Before FLAUM, MANION, and WILLIAMS, *Circuit Judges.*

WILLIAMS, *Circuit Judge.* Leroy Anderson, an Illinois prisoner, alleges that he fell and was knocked unconscious after guards at Stateville Correctional Center ordered him to walk

———————————

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

handcuffed down stairs covered with milk and garbage. In his complaint under 42 U.S.C. § 1983, Anderson claims that the guards violated the Eighth Amendment by subjecting him to this hazard. The district court granted the defendants' motion to dismiss, ruling that slippery stairs do not pose a sufficiently serious risk of harm to state a claim under the Eighth Amendment. Because Anderson faced not only stairs slicked with milk, but also scattered trash and guards who required him to negotiate his descent while unaided and cuffed behind his back, the risk of serious harm was substantial. Therefore, we vacate and remand.

## I.  BACKGROUND

In reviewing a complaint dismissed under Federal Rule of Civil Procedure 12(b)(6), we "tak[e] all well-pleaded allegations of the complaint as true and view[] them in the light most favorable to the plaintiff." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (internal quotation marks and citation omitted). During a "shakedown" of several cells, the defendants handcuffed Anderson behind his back and ordered him to walk down a set of stairs to wait in a holding area while his cell was searched. These stairs were "covered [with] food, milk, and other garbage, and had been for several days." The defendants refused Anderson's request to help him walk. He slipped and fell down a flight of thirteen stairs. He was knocked unconscious and suffered "continuing and permanent" injuries.

Anderson sued the two guards who had ordered him down the stairs. He alleged that by cuffing him, leaving the greasy surface and debris in place, and refusing his request for help, they were deliberately indifferent to the obvious risk

of harm the stairs posed. The district court granted the defendants' motion to dismiss. It recognized that prison conditions violate the Eighth Amendment if they pose a substantial risk of serious harm and prison officials are deliberately indifferent to the risk. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). It also acknowledged that Anderson adequately alleged that the guards were deliberately indifferent to a risk of harm. But, the district judge ruled, the risk was not substantial enough. He relied heavily on our ruling in *Pyles v. Fahim*, 771 F.3d 403 (7th Cir. 2014), where an inmate slipped on stairs wet with water from prisoners' shower shoes. We held that "slippery surfaces and shower floors in prison, without more, cannot constitute a hazardous condition of confinement" that violates the Eighth Amendment. *Id.* at 410–11.

## II. ANALYSIS

On appeal, Anderson persuasively distinguishes *Pyles* by supplying the "more." Unlike the prisoner in that case, who was uncuffed, Anderson faced a hazard that posed, in three respects, a significant risk of severe harm. First, the stairs were not only slippery with milk, but also clogged with several days' of accumulated food and rubbish, creating an obstacle course. Second, by handcuffing him behind his back, the guards prevented Anderson from steadying himself to avoid tripping, slipping, or tumbling down the flight of stairs. Third, even though they knew that Anderson could not steady himself, the guards refused to assist him. Anderson has thus alleged circumstances perilous enough to constitute "an unreasonable risk of serious damage to his future health," *Helling v. McKinney*, 509 U.S. 25, 35 (1993), and to state an Eighth Amendment claim, *see Powers v. Snyder*, 484 F.3d 929,

932 (7th Cir. 2007) (prison conditions that recklessly "endanger[]" a prisoner's health state an Eighth Amendment claim); *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) ("known or obvious dangers" to health state a claim under Eighth and Fourteenth Amendments).

The defendants respond by arguing, unhelpfully, that the risk of slipping in a prison shower does not violate the Eighth Amendment. They cite cases in which our sister circuits have ruled that keeping a violent prisoner shackled while he uses the shower, *see LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993), and failing to drain standing water in a shower area used by an inmate on crutches, *see Reynolds v. Powell,* 370 F.3d 1028, 1031 (10th Cir. 2004), do not pose sufficient risks of harm to state a claim. But these cases are distinguishable for two reasons. First, plummeting down a flight of 13 steps presents a far greater risk of physical injury than does slipping on a shower floor. Second, the floors in *LeMaire* and *Reynolds* and the stairs in *Pyles* were unavoidably wet: showers necessarily produce wet floors, and in *Pyles,* the water on inmates' shower shoes inevitably tracked onto the exit stairway, *see Pyles*, 771 F.3d at 405. But here, stairs slicked with milk and cluttered with garbage are *not* a necessary condition of prison. And by cleaning the stairs, the high risk of serious harm would ebb.

Prisons are not required to provide a "maximally safe environment," *Carroll v. DeTella*, 255 F.3d 470, 472 (7th Cir. 2001), but they must address easily preventable, observed hazards that pose a significant risk of severe harm to inmates, *see Withers v. Wexford Health Sources, Inc.*, 710 F.3d 688, 689 (7th Cir. 2013); *Smith v. Peters*, 631 F.3d 418, 420 (7th Cir. 2011); *Gates v. Cook*, 376 F.3d 323, 338 (5th Cir. 2004). Forcing someone to walk handcuffed and unaided down stairs needlessly strewn

with easily removable milk, food, and garbage, as Anderson alleges, poses an unreasonable peril.

Of course, these are only allegations. Further proceedings must determine their truth. We encourage the district court on remand to consider recruiting counsel for Anderson. *Cf. Perez v. Fenoglio*, 792 F.3d 768, 784 (7th Cir. 2015) ("[W]hether there has been deliberate indifference on the part of a defendant is an issue that requires the subtle appreciation of legal causation and of the duties imposed upon state prison officials by the Eighth Amendment. Even a pro se litigant with a meritorious claim may fail to grasp these subtleties." (citation and internal quotation marks omitted)).

### III. CONCLUSION

For these reasons, we VACATE the judgment and REMAND for further proceedings.