**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 26, 2017[*]
Decided October 6, 2017

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-3190

| | |
|---|---|
| ALVIN T. PERKINS, JR., | Appeal from the United States |
| *Plaintiff-Appellant*, | District Court for the Northern District |
| | of Illinois, Eastern Division. |
| *v.* | |
| | No. 16-CV-3563 |
| RANDY PFISTER and | |
| SHERWIN MILES, | **Gary Feinerman**, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Alvin Perkins, an Illinois inmate, is currently housed at Menard Correctional Center. In 2016, while incarcerated at Stateville Correctional Center, he brought this action under 42 U.S.C. § 1983 claiming that the warden and an assistant warden at

---

[*]The defendants were not served with process in the district court and are not participating in this appeal. We have agreed to decide this case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

Stateville enforce an unsafe policy requiring prisoners to wear wrist restraints behind their backs during security lockdowns, even when using prison stairways. At screening the district court dismissed the suit for failure to state a claim, *see* 28 U.S.C. § 1915A, and Perkins appeals. We affirm the judgment.

When Perkins first filed suit, he asked only for an injunction preventing him from being handcuffed behind the back while using stairways. The defendants, he said, were continuing to apply a long-standing policy of handcuffing inmates behind the back when moving the inmates—even on stairs—despite a clear risk of injury. Perkins did not allege that he had actually fallen or been physically injured. He alleged instead that the practice was leaving him mentally scarred because he could not use the handrails for support and feared falling. He identified four occasions over ten months when he was forced to go down stairs while cuffed behind the back and said that he nearly fell twice.

In dismissing Perkins's complaint, the district court recognized that *Pyles v. Fahim*, 771 F.3d 403, 410–11 (7th Cir. 2014), concluded that the risk of falling on slippery stairs is not, by itself, serious enough to support a claim of deliberate indifference to inmate safety. The plaintiff in *Pyles* had not been restrained when he fell on the stairs, but the district judge also pointed to a decision from the Northern District of Illinois—a decision that we later vacated on appeal—in which the district court had concluded that "the risk of falling down slippery stairs, even while handcuffed, is not sufficiently serious to state an Eighth Amendment claim." *Anderson v. Morrison*, No. 13 CV 8622, 2014 WL 6542760, at *1 (N.D. Ill. Nov. 9, 2014), *vacated and remanded*, 835 F.3d 681 (7th Cir. 2016) (forcing prisoner to walk handcuffed and unaided down dangerously slick stairs posed unreasonable danger). On the basis of these decisions, the district court reasoned that even if Perkins had been physically injured, he could not plausibly claim that the defendants' alleged policy violates the Eighth Amendment.

While Perkins was still at Stateville, he amended his complaint to demand, in addition to an injunction, $1.8 million in compensatory damages and $5 million in punitive damages. To his previous allegations he added that on at least some occasions, he wore a "black box" over his handcuffs, his legs were shackled, other inmates were in line behind him, or his vision was blurred because of medication he takes. And one time, Perkins said, the guards who were escorting him left the handcuffs on too long, causing needless pain.

The district court still found Perkins's allegations lacking. The judge repeated that handcuffing inmates behind the back during security lockdowns does not itself create a substantial risk of harm. And, the judge explained, Perkins does not allege that the warden or assistant warden knew about his blurred vision or were personally involved

in their subordinates' prolonged use of handcuffs on the one occasion Perkins complained about.

Perkins's initial objective in filing this lawsuit—to prevent Stateville guards from cuffing him behind the back while using stairs—is now beyond reach in this lawsuit. Perkins has been transferred to a different Illinois prison, so his request for injunctive relief is moot. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011). Moreover, Perkins could not be entitled to compensatory damages. He has not alleged any *physical* injury, and he cannot recover solely for mental or emotional injury under the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(e); *Smith v. Peters*, 631 F.3d 418, 421 (7th Cir. 2011). So all that remains of Perkins's requested relief is his demand for $5 million in punitive damages.

We do not agree with Perkins that, as a matter of law, the Eighth Amendment would be violated by a policy requiring inmates during periods of heightened security to navigate stairs while handcuffed behind the back. Even without the benefit of this court's opinion in *Anderson*, the district court correctly concluded that Perkins has not alleged a sufficiently serious risk of harm. Our decision in *Anderson*—which Perkins does not address—highlights the much greater risk faced by that prisoner as compared to Perkins. The plaintiff in *Anderson*, who also was at Stateville, allegedly fell and was knocked unconscious while the defendant guards forced him to walk unassisted, with his hands cuffed behind his back, down stairs that were slick with milk and for several days had been strewn with trash. 835 F.3d at 683. Perkins, on the other hand, simply alleges in this suit against prison administrators that the alleged handcuffing policy creates in all circumstances an unwarranted risk sufficient to violate the Eighth Amendment.

Perkins's allegations are less compelling than those we found lacking in *Pyles*. As Perkins points out, handcuffs—which were missing from *Pyles*—did make his trips down the stairs riskier. But the plaintiff in *Pyles* was navigating stairs that he used every time he showered. Because they were so close to the showers, those stairs were always wet and slippery. 771 F.3d at 405. In contrast, Perkins alleges only that on the rare occasions of security lockdowns—four times in ten months—he was at risk of falling because of a policy of handcuffing inmates behind the back before moving them through dry, uncluttered stairwells.

Finally, the district court properly disregarded Perkins's new allegations concerning his blurry vision and the one instance of prolonged use of restraints. As to these allegations, Perkins does not allege personal involvement by either defendant, so they could not be held liable for those events even if Perkins might have had a claim

against guards who carried out the alleged handcuffing policy. *See Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017).

The judgment is AFFIRMED. Perkins has incurred two strikes for this litigation, one for filing a complaint that fails to state a claim and a second one for this appeal. *See* 28 U.S.C. § 1915(g).