NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 17, 2019[*]
Decided May 20, 2019

**Before**

MICHAEL S. KANNE, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 18-1999

| | |
|---|---|
| EDWARD HARDIN, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Western Division. |
| *v.* | No. 17 C 50370 |
| JOHN R. BALDWIN, et al., *Defendants-Appellees*. | Philip G. Reinhard, *Judge*. |

## O R D E R

Edward Hardin, an Illinois inmate, has sued a corrections officer for violating the Eighth Amendment by escorting him (while restrained) on an uneven sidewalk and hurting his shoulder when helping him up after he tripped while walking. The district court dismissed Hardin's complaint at screening for failure to state a claim and issued a

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. We have agreed to decide this case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

strike against him. *See* 28 U.S.C. §§ 1915A; 1915(g). Because the officer did not recklessly disregard a substantial risk of injury, we affirm the judgment.

We review de novo the dismissal of Hardin's complaint at screening and accept the allegations in his complaint as true. *See Otis v. Demarasse*, 886 F.3d 639, 644 (7th Cir. 2018).

While escorting Hardin back to Dixon Correctional Center, Officer Searchy (his first name is not in the record) directed Hardin, who was wearing handcuffs and leg shackles, onto a sidewalk "littered with pot holes." Along the way, as Searchy assisted Hardin, Hardin tripped and fell on the concrete, injuring his head and ankle. Searchy tried lifting Hardin's right arm to get him back on his feet, but the pull injured Hardin's rotator cuff. On the second try, Searchy lifted Hardin successfully and returned him to the prison. Hardin promptly went to the healthcare unit for evaluation, where a nurse cleaned his ankle wound. Several months later, he started physical therapy for the rotator-cuff injury.

After initiating this suit, the district court ruled that Hardin had failed to state a claim, but invited him to submit an amended complaint. In that complaint, Hardin named Searchy as the sole defendant. As he elaborates in his brief on appeal, Hardin contends that Searchy should not have shackled him while he walked on the hazardous sidewalk and, when helping him up, Searchy should have lifted him under both arms to prevent a rotator-cuff injury. The district court dismissed the complaint, concluding that Hardin did not allege a sufficiently serious hazard or the requisite mental state for an Eighth Amendment claim.

On appeal, Hardin does not challenge the district court's reasoning; rather, he expands his allegations as we have just described them. But they still do not add up to a plausible Eighth Amendment claim. We read his brief generously and accept the allegations in it and the complaint as true. *See Otis*, 886 F.3d at 644. Even so, we agree with the district court that dismissal was proper.

To state an Eighth Amendment claim based on a hazardous condition of confinement, a plaintiff must allege the presence of a "sufficiently serious" condition and that the defendant was deliberately indifferent to it. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). Hardin has alleged neither. The condition that Hardin identifies is the uneven sidewalk, but the risk of tripping there is no worse than the risk present on slippery floors in prison showers. "Federal courts consistently have adopted the

view that slippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement." *Pyles v. Fahim*, 771 F.3d 403, 410 & n.25 (7th Cir. 2014). We recognize that Hardin was shackled, and we will assume that the shackling elevated the risk of injury. But Hardin also alleges that Searchy assisted Hardin as he walked. That allegation implies that Searchy tried to reduce the risk of injury and thus was *not* deliberately indifferent to the risks of an uneven, horizontal walkway. *Cf. Anderson v. Morrison*, 835 F.3d 681, 683 (7th Cir. 2016) (prisoner stated Eighth Amendment claim when guards allegedly *refused* to help him descend slippery stairs obstructed with garbage while cuffed).

Hardin also does not allege that Searchy injured Hardin's rotator cuff recklessly. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). He does not suggest that Searchy knew that Hardin was unusually susceptible to this injury or that, in lifting Hardin up, Searchy used force that he knew would likely injure Hardin. Indeed, in his appellate brief Hardin invokes negligence law to frame his deliberate-indifference claim, but the two are not synonymous. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008) ("[T]he Eighth Amendment does not codify common law torts."). Deliberate indifference requires a reckless disregard of a known, substantial risk of danger, not the mere absence of ordinary care. Because these allegations do not suggest that Searchy was reckless, dismissal was proper. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

To the extent that Hardin alleges deliberate indifference in the *treatment* of his injuries, that claim also fails. Hardin did not allege that Searchy was personally involved in his medical treatment. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) (requiring defendant to be "personally responsible for the alleged deprivation of the plaintiff's constitutional rights"). In his appellate brief, Hardin attempts to cure this defect by naming several prison nurses. But he had an opportunity to include this information in the amended complaint and failed to do so. He may not do so on appeal.

AFFIRMED